UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN WAYNE HAMILTON, et al.,

    Plaintiffs,

v.                                    Case No. 4:18cv493-MW-CJK

STATE OF FLORIDA, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This cause is before the court on plaintiffs' amended civil rights complaint. (Doc. 6). Upon review of the amended complaint, the undersigned concludes it fails to state a viable claim for relief and should be dismissed.

## BACKGROUND

The purported plaintiffs, John Wayne Hamilton and Donald Ray Hamilton, reside in Citrus County, Florida. The amended complaint names eight defendants: (1) the State of Florida; (2) the Board of Trustees of the Internal Improvement Trust Fund of the State of Florida ("Board of Trustees"); (3) Ernest Granke; (4) Winona Granke; (5) the Florida Department of Environmental Protection ("DEP"); (6) Citrus County, Florida; (7) Rick Scott, Governor of Florida; and (8) Patricia Thomas, a judge in Florida's Fifth Judicial Circuit. The amended complaint sets forth the

factual allegations that follow, the truth of which is accepted for purposes of this Report and Recommendation.[1]

In August 2006, Citrus County, Florida, sued John, Donald, and Violet Hamilton regarding the placement of barbed wire on certain parcels of land within the county. Judge Patricia Thomas prevented John Hamilton from cross-examining a witness and would not allow the Hamiltons "to show or use ownership in her court room." John told Judge Thomas he had the right to cross-examine the witness regarding an agreement between Citrus County and the Hamiltons. After Judge Thomas reiterated that "she was not letting the Hamilton family . . . show or use ownership in her court," John accused Judge Thomas of violating state and federal law, and Thomas held John in contempt and fined him.

In October 2006, John filed a separate action against Citrus County based on Judge Thomas's actions in the earlier case. John says Judge Thomas improperly dismissed the case in May 2013 for lack of prosecution.

In July 2007, the Board of Trustees brought an action against members of the Hamilton family. The Board sought to quiet title to, and eject the Hamiltons from, certain real property. The Board also brought a claim for trespass. John Hamilton asked Judge Thomas to recuse herself due to her participation in other cases

---

[1] For the sake of clarity, the recitation of facts in the amended complaint has been supplemented with information available on the Citrus County Clerk of Court's website. *See* https://scorss.citrusclerk.org/; Fed. R. Evid. 201.

Case No. 4:18cv493-MW-CJK

involving the Hamiltons. Judge Thomas denied the request for recusal, deemed the Board the owner of the land, and again refused to allow the Hamiltons to have a jury trial or contest ownership.

In 2012, the state of Florida seized John's mother's home and land "which had a federal mortgage on it[.]" John claims the government "did not serve us with any documents when all this went down[.]" In addition, John and Donald were arrested for trespassing.

On March 8, 2018, John called Governor Rick Scott's office and described the legal proceedings involving the Hamiltons' land and Judge Thomas's actions. John also claims he told the governor's office "Judge Thomas got a promotion up over all the judges in the Fifth Judicial Circuit after her order and a pay raise[.]" Governor Scott "signed a number of [quitclaim] deeds concerning the Hamilton family land and sold [John's mother's] home[.]" John continued to make payments on the mortgage on his mother's home "up until the last two months[.]"

Based on the foregoing, plaintiffs allege Judge Patricia Thomas violated the Due Process Clause of the Fourteenth Amendment while presiding over their cases in state court. As relief, plaintiffs seek "due process of law and the right to use and show ownership in the court of law that was denied by Judge Patricia Thomas[.]" All substantive allegations of the amended complaint are directed at Judge Thomas.

## DISCUSSION

Plaintiffs' Fourteenth Amendment claim is barred by the statute of limitations.[2] "Claims brought pursuant to 42 U.S.C. § 1983 are subject to the statute of limitations period governing personal injury actions in the state where the action is brought." *Wellons v. Comm'r, Ga. Dep't of Corr.*, 754 F.3d 1260, 1263 (11th Cir. 2014) (*citing Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008)). The Eleventh Circuit has "held that the four-year statute of limitations under Fla. Stat. § 95.11(3) applies to § 1983 claims arising in Florida." *Ellison v. Lester,* 275 F. App'x 900, 901-902 (11th Cir. 2008) (*citing Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)). Plaintiffs filed this action in October 2018. Because all the amended complaint's substantive allegations predate October 2014, the Fourteenth Amendment claim is barred by the statute of limitations.

In addition, if the amended complaint is challenging the decisions of a state court, this court lacks jurisdiction over such a claim. The *Rooker-Feldman* doctrine

---

[2] The amended complaint indicates it is being brought on behalf of both John and Donald Hamilton. In a November 6, 2018, order, the court advised John this case could not proceed as currently styled because he cannot represent the interests of Donald. *See Bass v. Benton*, 408 F. App'x 298, 298-299 (11th Cir. 2011) (The Eleventh Circuit has "interpreted 28 U.S.C. § 1654, the general provision permitting parties to proceed *pro se*, as providing 'a personal right that does not extend to the representation of the interests of others.'") (*quoting Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008)). Nevertheless, both John and Donald are named as plaintiffs in the amended complaint. The amended complaint's inclusion of multiple *pro se* plaintiffs provides an alternative basis for dismissal. **Error! Main Document Only.**Cf. *Bowens v. Turner Guilford Knight Detention*, 510 F. App'x 863 (11th Cir. 2013) (affirming district court's decision to: (1) dismiss § 1983 suit brought by a *pro se* inmate on behalf of six inmates; and (2) require each inmate to "file a new, individual complaint, and either pay the full filing fee or submit an individual motion to proceed *in forma pauperis*").

Case No. 4:18cv493-MW-CJK

"is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments." *Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012) (citation omitted). The doctrine derives from 28 U.S.C. § 1257, which "vests authority to review a state court's judgment solely in [the Supreme] Court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). It applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. The doctrine "operates as a bar to federal court jurisdiction where the issue before the federal court was 'inextricably intertwined' with the state court judgment so that (1) the success of the federal claim would 'effectively nullify' the state court judgment, or that (2) the federal claim would succeed 'only to the extent that the state court wrongly decided the issues.'" *Alvarez*, 679 F.3d at 1262-63 (*quoting Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)). Thus, to the extent the amended complaint seeks to challenge the adverse results of state court proceedings, this court lacks jurisdiction.

Judge Thomas is also protected by judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (*citing Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). John Hamilton suggests Judge Thomas exhibited bias, but "judicial

immunity is not overcome by allegations of bad faith or malice." *Id.*; *see also Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("immunity applies even when the judge is accused of acting maliciously and corruptly"). The immunity is overcome in only two sets of circumstances: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (citations omitted). Because neither circumstance applies here, Judge Thomas cannot be sued for a due process violation.[3]

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITH PREJUDICE.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 9th day of January, 2019.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The amended complaint does not contain well-pleaded factual allegations that would establish a Fourteenth Amendment violation against any of the other seven defendants.

Case No. 4:18cv493-MW-CJK

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.